IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ARTHUR MARTIN RODRIGUEZ (01),

        Defendant.

Case No. 16-40007-01-DDC

**MEMORANDUM AND ORDER**

This matter is before the court on Arthur Martin Rodriguez's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2). Doc. 84. In his Motion, Mr. Rodriguez asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines, which took effect on November 1, 2014. *Id.* For reasons explained below, the court denies Mr. Rodriguez's Motion for Reduction of Sentence.

    **I.**    **Background**

On November 7, 2016, Mr. Rodriguez pleaded guilty to Count 1 of an Indictment charging a violation of 18 U.S.C. § 1952(a)(3), interstate transportation in aid of racketeering. Doc. 62 at 1. Before sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") using the 2016 edition of the United States Sentencing Commission Guidelines Manual ("the Guidelines"). Doc. 67 at 8. The PSR calculated a total offense level of 31 and found a criminal history category of I. *Id.* at 8, 9. This combination yielded a Guidelines' sentencing range of 108 to 135 months. *Id.* at 13. But, the statutory

maximum term of imprisonment for violations of 18 U.S.C. § 1952(a)(3) is five years. *Id.* Therefore, the PSR recommended a term of imprisonment of 60 months. *Id.*

On February 8, 2017, the court sentenced Mr. Rodriguez to 60 months' imprisonment. Doc. 71. Mr. Rodriguez appealed the decision (Doc. 73), and the Tenth Circuit dismissed his appeal (Doc. 83). On May 12, 2017, Mr. Rodriguez filed this Motion for Reduction of Sentence. Doc. 84.

## II. Analysis

Section 3582(c)(2) allows courts to modify a term of imprisonment once it has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement to which § 3582(c)(2) refers is the current version of § 1B1.10 of the Guidelines. *See* U.S.S.G. § 1B1.10. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) when the guideline range applicable to the petitioner was lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(d). U.S.S.G § 1B1.10(a)(1).

Mr. Rodriguez contends the court may reduce his sentence under 18 U.S.C. § 3582(c)(2) because Amendment 782 applies and it reduces his base offense level. Doc. 84. The United States Sentencing Commission issued Amendment 782 in November 2014. This provision reduced the offense levels of many drug offenses under U.S.S.G. § 2D1.1. *United States v. Gutierrez*, __ F.3d __, 2017 WL 2641063, at *2 (10th Cir. June 20, 2017). The Commission "made Amendment 782 retroactive, and thus available as a potential basis for a sentence

reduction pursuant to § 3582(c)(2)." *Id.*; *see also* U.S.S.G. supp. to app. C, amend. 788, Reason for Amendment, at 86.

Following the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010), the Tenth Circuit has held that § 3582(c)(2) "prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second question, a matter of discretion, is whether an authorized reduction is in fact *warranted*." *United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (citing *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)). Only the first step is at issue here.

Mr. Rodriguez cannot satisfy the first *Dillon* step. Although Amendment 782 is listed in § 1B1.10(d), it does not apply to Mr. Rodriguez's sentence. The court sentenced Mr. Rodriguez under the 2016 Guidelines, which included the revisions effected by Amendment 782.[1] So, the court applied Amendment 782 when it sentenced Mr. Rodriguez. Amendment 782 was not a "subsequent" amendment to the Guidelines and thus the court cannot apply it to lower Mr. Rodriguez's Guideline range.

Also, the court did not sentence Mr. Rodriguez based on the Guideline's suggested sentence. Under U.S.S.G. § 5G1.1(c)(1), the maximum sentence Mr. Rodriguez could have received was governed by 18 U.S.C. § 1952(a)(3)—not the Guidelines. "[A] district court is authorized to reduce a sentence under § 3582(c)(2) *only if* the defendant was originally 'sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission.'" *White*, 765 F.3d at 1246 (first quoting 18 U.S.C. § 3582(c)(2); then citing *Dillon*, 560 U.S. at 825–26). Mr. Rodriguez's sentence was controlled

---

[1] See U.S. Sent'g Comm'n, *Guidelines Manual* (2016), http://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2016/GLMFull.pdf (stating that the 2016 edition "incorporate[ed] amendments effective November 1, 2016, and earlier.").

3

by statute and not based on the Guidelines.  Thus, Amendment 782 does not apply to Mr. Rodriguez's sentence for yet another reason.

Because Mr. Rodriguez does not satisfy the first *Dillon* step, the court need not consider the second step.  The court thus denies Mr. Rodriguez's Motion for Reduction of Sentence.

**IT IS THEREFORE ORDERED THAT** defendant Arthur Martin Rodriguez's Motion for Reduction of Sentence (Doc. 84) is denied.

**IT IS SO ORDERED.**

**Dated this 30th day of June, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**